NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>PEDRO GARCIA-BANOS, a.k.a.<br>PEDRO BANOS-GARCIA,<br><br>    Defendant-Appellant. | Nos. 16-10480<br>    16-10481<br><br>D.C. Nos. 2:16-cr-00172-DJH<br>     4:12-cr-02509-DJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 23, 2017**

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Pedro Garcia-Banos appeals the 70-month

sentence imposed following his guilty plea to reentry of a removed alien, in

violation of 8 U.S.C. § 1326, and consecutive 21-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we vacate and remand for resentencing.

Garcia-Banos contends that the district court failed to appreciate its discretion to impose a partially concurrent sentence. At sentencing, Garcia-Banos requested that the court run his sentences partially concurrently. The government responded that it doubted the lawfulness of a partially concurrent sentence. The court did not resolve the dispute so we cannot determine whether the district court understood its discretion to impose a partially concurrent sentence. *See* U.S.S.G. § 5G1.3(d) & cmt. n.4(C) (district court may impose sentence on a new offense to run consecutively, concurrently, or partially concurrently to undischarged term of imprisonment resulting from revocation of supervised release). Under these circumstances, we vacate Garcia-Banos's sentence and remand for resentencing. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

**VACATED and REMANDED for resentencing.**